DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1852.

---

### RICHARD BRAY *v.* THE UNITED STATES.

LEGISLATURE MAY DEFINE CRIMES AND FIX PUNISHMENT.—The territorial
legislature has power under the organic law to define crimes and misde-
meanors, and prescribe their punishment.

CRIMINAL JURISDICTION OF TERRITORIAL COURTS.—The supreme and district
courts of this territory have no jurisdiction in criminal cases, except
such as is conferred upon them by statutory enactment.

JURISDICTION OF ASSAULT AND BATTERY.—Justices of the peace have absolute
and exclusive jurisdiction in cases of assault and battery, and an indict-
ment for such an offense in the district court will not lie.

ERROR from the district court for the county of Santa Fe.
The opinion states the case.

*Garey and Pillan,* for the plaintiff in error.

*W. West,* for the defendant in error.

By Court, MOWER, J. :

The facts in this case are briefly these, as presented by the
record: Bray was indicted at the last September term of
the district court of the United States for the county of
Santa Fe, for an assault with intent to kill, in one count,
and for a common assault in another count. It was averred
that the offense was committed in the county of Santa Fe,
in the month of April, 1851, without any allegation that it

was committed against the laws of the United States. Upon
the trial, the jury found Bray guilty of a common assault
only, acquitting him upon the first count, and assessing a
fine against him for the sum of twenty-six dollars and fifty
cents. The counsel for Bray moved for an arrest of this
judgment, assigning the following causes: first, the venue
is improperly laid; second, there was no law in force pun-
ishing assault in the territory of New Mexico at the time
the assault is alleged in the indictment to have been com-
mitted; third, the offense charged in the second count, on
which the defendant was convicted, is not an indictable
offense; fourth, and for many other and manifest errors
apparent on the record. The court below refused to arrest
the judgment, but entered a judgment on the verdict, and
the counsel for the defendant filed his bill of exceptions,
alleging this refusal as error, and the case comes into this
court for a readjudication.

Passing by some questions of the gravest magnitude
raised by the consideration of all of the features of the case
presented, the court is disposed to follow the course of the
argument adopted by counsel on both sides, and decide the
cause upon the third point suggested in the motion in ar-
rest. It is admitted in the argument by both parties that
the offense committed is one against the laws of the terri-
tory, and not one against the laws of the United States.
Now, by the original law of congress (sec. 7, Organic Law,
p. 47), power is given to the legislature of the territory over
all the rightful subjects of legislation, and no one will
deny the definition of crimes and misdemeanors, and a pre-
scription of the mode of punishment are not pre-eminently
among these rightful subjects of legislative action; but the
same act goes still further, and for all territorial purposes
provides that the jurisdiction of all the courts provided for
by the law, both appellate and original, shall be as lim-
ited by law (sec. 10, p. 48), thereby conferring upon
the legislature the power of limiting and defining the juris-
diction of each court erected by the organic law so far as it
regards the regulation of the municipal and criminal affairs
of the territory, with the exception that no power can be

given to justices of the peace when the title and boundaries
of land are in question, or when the debt or sum claimed
shall exceed one hundred dollars.   In the exercise of these
powers the legislature of the territory, at its first session,
enacted the law under which it is claimed that this offense
was committed, but expressly provided that it should be
punished in a summary manner before a justice of the
peace, and declared in the same section that all other cases
should be indictable: Kearny Code, secs. 8 and 11 of art.
3, Crimes and Punishments, pp. 54, 55.   This construction
is sustained by the Spanish reading of the law and the
report of General Kearny to congress, Ex. Doc., No. 60,
Cong. Rep. 1848, p. 200; besides, good·sense will show a
manifest defect in the English section, which is fully sup-
plied and remedied by the Spanish exposition of the text.
This inference is further corroborated by another section,
under the title of Practice in Criminal Cases, which also
prescribes the punishment of this offense, before a justice,
in a summary manner: Kearny Code, sec. 33, p. 88.   From
a consideration of these different sections, collectively,
there can be no doubt of the intention of the legislature to
give to justices of the peace absolute and exclusive juris-
diction of this and other minor offenses; thus insuring to
the community an ample and speedy punishment of all
offenders in these respects, which is the best guaranty
against a frequent repetition of the misdemeanor, and re-
lieving the higher courts of a burden of cases which would
only increase the cost to the public, and in a manner tram-
mel up and clog the wheels of justice in these courts.
But it is contended, that by the organic law, congress has
conferred common law as well as chancery jurisdiction on
the supreme and district courts: Sec. 4 of Organic Law.
This is true, but in the same section it is provided that
the jurisdiction is to be limited by law.   The evident in-
tention of this section is to clothe these courts with equity
and law powers for the purpose of discharging with fullest
effect the duties assigned to them by congressional and ter-
ritorial legislation.

It can not be argued that, by virtue of this section, these

courts have cognizance of offenses at common law, without legislative sanction, for it is expressly decided in the case of *The United States* v. *Hudson,* 7 Cranch, 32, that the "courts of the United States have not jurisdiction derived from the common law to define and punish criminal offenses;" and in the case of *Wheaton et al.* v. *Peters et al.,* 8 Pet. 591, it is held that "there can be no common law except by legislative adoption." The same point is also reaffirmed in the case of *Kendall* v. *The United States,* 8 Id. 524. If, then, as it appears from these decisions, the exercise of these high functions by the district and supreme courts depends upon statutory enactment in criminal cases, where shall we find the statute by virtue of which the district court can take cognizance of a common assault and battery? It is not written in the criminal code of the United States, nor in the organic law, while the law of the territory, which defines the crime and punishment, in positive terms, confers exclusive jurisdiction upon justices of the peace. But it is said that when the crime is created by law, then the common law jurisdiction of the district court affixes. We think not; for if the district court could countervail the prerogative of the legislature in prescribing the mode of trial and the tribunal, it might go further and substitute the common law penalties, which have long since been abolished in England, because of their cruel and inhuman character. This practical absurdity will be claimed by none; yet, if the rules laid down by the legislature for the punishment of offenses against territorial laws can be disregarded in one respect, by virtue of this common law jurisdiction, the same force of reasoning would warrant the above incongruous conclusions.

The decision of the court is, therefore, that in this case the judgment of the district court of the United States for the county of Santa Fe be reversed, and the case be remanded to the said district court, with instructions to dismiss the case for want of jurisdiction, and to discharge the respondent, and that the plaintiff in error recover his costs, to be taxed.

Let it be certified accordingly.