**WEISS NOODLE COMPANY, Appellant,**

v.

**Sandy APRILE, Samuel Bellante, Doing Business as Columbus Macaroni & Noodle Company, Appellees.**

**No. 13841.**

United States Court of Appeals
Sixth Circuit.

Dec. 22, 1959.

Herbert J. Jacobi, Washington, D. C., for appellant.

J. D. Douglass, Cleveland, Ohio (Donald F. Sands, Cleveland, Ohio, on the brief), for appellees.

Before SIMONS and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court which entered a default judgment against plaintiff below dismissing the complaint for failure to answer interrogatories served by the defendants.

Appellant had filed objections to the interrogatories which were overruled by the District Court on October 2, 1958. Under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. appellant had 15 days thereafter to answer the interrogatories. It did not do so and on October 29, 1958, appellees filed their motion for default judgment which was granted by the Court.

Appellant offered as an excuse the fact that the Clerk of the District Court did not send notice of the order of October 2, 1958, to its trade mark counsel in Washington, D. C. whose name appeared on papers filed June 27, 1958, and thereafter as being of counsel. He had not, however, entered an appearance in the District Court as counsel for the appellant and the Clerk was under no duty to send him any notice. The Clerk fully complied with the Rules by sending notice to all counsel of record.

Counsel of record for appellant (who were the principal counsel in the case) did immediately mail a copy of the order of October 2, 1958, to trade mark counsel in Washington, D. C. who claims that his secretary opened the letter during his absence and filed it and that it did not come to his attention until October 31, 1958.

These facts were all considered by the District Court when it passed upon the motion for default judgment.

The order sought to be reviewed here was one within the discretion of the District Court to make. We cannot say from an examination of the record that the Court abused its discretion.

The judgment of the District Court is affirmed.