547 P.2d 1160

**E. S. GALLEGOS, as Administrator of the Estate of Robert A. Gallegos, Deceased, Plaintiff-Appellee,**

**v.**

**James E. FRANKLIN and Albuquerque General Hospital, Defendants-Appellants.**

**No. 1901.**

Court of Appeals of New Mexico.

Feb. 3, 1976.

Rehearing Denied Feb. 17, 1976.

Kent Winchester, Toulouse, Krehbiel & Cheney, P. A., Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendants, Dr. James E. Franklin and Albuquerque General Hospital, appeal from a default judgment in a medical and hospital malpractice claim which awarded plaintiff compensatory damages in the sum of $300,000 and punitive damages in the sum of $200,000. We remand for a hearing on the issue of compensatory and punitive damages.

### A. *Status of the Record*

On January 24, 1974, plaintiff's complaint was filed.

On January 29, 1974, the complaint was served on Dr. Franklin, individually and as director of the defendant hospital.

On February 11, 1974, the law firm of Aldridge, Baron, Pearlman & Campbell, P. A., entered its appearance for defendants. *No answer to the complaint was ever served on plaintiff or filed of record.*

On April 19, 1974, plaintiff filed interrogatories submitted to the hospital pursuant to Rule 33 of the Rules of Civil Procedure. The certificate of service by mail is dated April 17, 1974. *No answer to interrogatories was ever submitted by the hospital to plaintiff or filed of record.*

On September 27, 1974, plaintiff filed a motion for an order directing the hospital to answer the interrogatories, and in the alternative for a default judgment. The certificate of service by mail was dated September 26, 1974. This motion was not set for hearing and no order was entered.

On September 30, 1974, plaintiff filed a notice to take the deposition of Dr. Franklin on October 24, 1974, at 1:30 p. m. at the office of plaintiff's attorneys. The certificate of service was dated September 27, 1974. Dr. Franklin was served with a subpoena on October 7, 1974.

Richard E. Ransom P. A., Smith, Ransom & Gilstrap, Albuquerque, for defendants-appellants.

On September 30, 1974, plaintiff filed interrogatories submitted to Dr. Franklin. The certificate of service by mail was September 27, 1974. *No answer to interrogatories was ever submitted by Dr. Franklin to plaintiff, nor filed of record.*

On November 4, 1974, defendants' law firm filed a motion for withdrawal as attorney of record for defendant hospital and attached a letter dated October 25, 1974, directed to Dr. Franklin, individually, and as administrator of the hospital, to immediately obtain the services of another attorney to represent them in this and other cases.

On November 4, 1974, plaintiff noticed defendants' attorney for hearing on November 18, 1974, on motion of withdrawal.

On November 12, 1974, plaintiff filed a motion for entry of default judgment for defendants' failure to answer interrogatories and the late arrival by one hour of Dr. Franklin for deposition, after all parties, including attorneys and court reporter, had left. The certificate of service by mail was dated November 11, 1974.

On November 12, 1974, plaintiff filed a notice to take default judgment on November 18, 1974. The certificate of service by mail was dated November 11, 1974.

On November 13, 1974, plaintiff certified mailing to Dr. Franklin a true copy of notice and motion for entry of default judgment.

On November 18, 1974, Dr. Franklin filed consent to withdrawal of defendants' law firm as attorneys of record subscribed and sworn to on October 18, 1974.

On November 18, 1974, after default judgment was entered, the trial court allowed defendants' law firm to withdraw as attorneys of record.

Defendants were represented by attorneys from the date of entry of appearance on February 11, 1974, to November 18, 1974, the date of the default judgment.

*On November 22, 1974,* the default judgment was filed based upon "a hearing on the issues of the default judgment," held on November 18, 1974, at 8:45 a. m. No record was made of this hearing. The trial court found among other things:

(1) Defendants are in default in their willful failure to make discovery as set by the Rules of Civil Procedure and that judgment should be entered against them for their default.

(2) Defendants breached the standard of care and that the breach showed a gross, wanton and willful negligent departure from the standard of care and plaintiff was entitled to punitive, as well as compensatory damages against each of them.

(3) Defendants willfully failed, refused and neglected to abide by the Rules of Civil Procedure as to discovery, "and that such was done to present [sic] the full disclosure of the facts surrounding the care and treatment of the deceased by the defendants."

(4) Plaintiff is entitled to judgment for compensatory damages against the defendants, jointly and severally, in the sum of $300,000, and punitive damages against Dr. Franklin and the hospital in the sum of $200,000 each.

Judgment was entered accordingly.

*On November 27, 1974,* with present counsel, *Dr. Franklin* moved to set aside the default judgment to permit defendant to enter a defense because there was good excuse for default and a meritorious defense existed. On the same day, plaintiff responded with affidavits attached thereto.

*On December 13, 1974, the hospital* moved to set aside the default judgment.

*On December 18, 1974, Dr. Franklin* moved to set aside the default judgment in part, limited to the question of compensatory and punitive damages, because there was "no reasonable ex parte showing by plaintiff of the large sum of money determined by the default judgment * * *."

*On December 23, 1974,* these three motions were denied.

*On December 23, 1974,* defendants appealed from the default judgment entered on

November 22, 1974, and thereafter proceeded with the perfection of this appeal.

B. *Denial of motions to vacate will not be reviewed.*

*Defendants did not appeal from the order entered on December 23, 1974, denying defendant's motions to set aside the default judgment.*

■ The default judgment entered was a final judgment. The order denying defendants' motion to vacate the default judgment was a final order which affected substantial rights. Both the default judgment and the final order were appealable. Section 21–12–3(a)(1), (3), N.M.S.A.1953 (Repl. Vol. 4, Supp.1973); *Starnes v. Starnes,* 72 N.M. 142, 381 P.2d 423 (1963); *Hoover v. City of Albuquerque,* 56 N.M. 525, 245 P.2d 1038 (1952); *Singleton v. Sanabrea,* 35 N.M. 205, 292 P. 6 (1930); *Kerr v. Southwest Flourite Co., et al.,* 35 N.M. 232, 294 P. 324 (1930); *Jordan v. Jordan,* 29 N.M. 95, 218 P. 1035 (1923).

■ Defendants attack both the entry of the default judgment and the order which denied their motions to vacate the default judgment. To support the latter attack, defendants included in the transcript on appeal records of two extensive hearings, one held on November 20, 1974, in a different case, and another which began on December 5, 1974, in the instant case. *The evidence taken at these hearings has no bearing on the validity of the default judgment.*

■ The only issue before this Court is whether the default judgment was properly entered.

C. *Plaintiff was entitled to default judgment.*

(1) *Discretion of Court*

Rule 55(b) of the Rules of Civil Procedure [§ 21–1–1(55)(b), N.M.S.A.1953 (Repl. Vol. 4)] reads:

Judgment by default *may* be entered as follows: In all cases the party entitled to a judgment by default shall apply to the court therefor; * * *. If, in order to enable the court to enter judgment or to carry it into effect, *it is necessary* to take an account or *to determine the amount of damages or to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court *may* conduct such hearings or order such references *as it deems necessary and proper* and shall accord a right of trial by jury to the parties entitled thereto. [Emphasis added]

The rule provides (1) that judgment by default "may" be entered, and (2) the trial court "may" conduct such hearings as it deems necessary to determine damages, or the averments of plaintiff's complaint, by evidence.

■ Whether a default judgment should be granted rests within the sound discretion of the trial court. *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118 (5th Cir. 1970); *Weiss Noodle Company v. Aprile,* 272 F.2d 923 (6th Cir. 1959); *Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970); 6 Moore's Federal Practice, §§ 55.05 at 55–52 (1975). The same is true on the motion of a defendant to set aside the default judgment. *Otis Engineering Corporation v. Grace,* 86 N.M. 727, 527 P.2d 322 (1974); *Springer Corporation v. Herrera,* 85 N.M. 201, 510 P.2d 1072 (1973). However, if the trial court desires to determine compensatory or punitive damages, a hearing on this matter is necessary.

(2) *The Philosophy Which Surrounds Default Judgments*

*H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L.,* 139 U.S.App.D.C. 256, 432 F.2d 689 (1970) said:

Given this approach, the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibili-

ty of a default is a deterrent to those parties who choose delay as part of their litigative strategy. * * * [432 F.2d at 691].

From January 29, 1974, to November 18, 1974, a period of ten months, the defendants failed to comply with the Rules of Civil Procedure. A default judgment may be entered. See Rules 55(a) and 37(d) of the Rules of Civil Procedure.

In addition, defendants filed a consent to the withdrawal of attorneys after the default judgment was entered. Defendants, having notice of the motion for withdrawal, failed to obtain other attorneys, failed to appear at the hearing on the motion for default judgment, and failed to show any cause, oral or written, why the default judgment should not be entered.

To grant the defendants a reversal now means that we would give credence to essentially unresponsive parties, and consent that they may halt the adversary process and endlessly delay the rights of plaintiff. The philosophy of the law of civil procedure militates against this protracted wearisome conduct.

(3) *The averments of plaintiff's complaint are true*

Plaintiff's complaint alleged sufficient facts to constitute a claim for relief against Dr. Franklin and the hospital for the wrongful death of decedent.

By virtue of the default, the defendants have admitted the allegations of the complaint. These averments are taken as true. For those matters which require an examination of details, the plaintiff must furnish the proof. *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L. Ed. 105 (1885). This case appears to be the forerunner of Rule 55(b), supra. 10 Wright and Miller, Federal Practice and Procedure, 245 (1973).

Liability is not an issue. *Trans World Airlines, Inc. v. Hughes*, 308 F.Supp. 679 (S.D.N.Y.1969), aff'd, 449 F.2d 51 (2d Cir.

1971), rev'd on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); Annot., Necessity of Taking Proof as to Liability Against Defaulting Defendant, 8 A.L.R.3d 1070 (1966).

Generally, a default judgment precludes a trial of facts, except as to damages. The allegations of the complaint, in effect, become findings of fact. *Brown v. Kenron Aluminum and Glass Corporation*, 477 F.2d 526 (8th Cir. 1973).

Liability is established.

(4) *Plaintiff must produce evidence on amount of damages to be awarded which may be contested.*

"The entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff. 6 Moore's Federal Practice § 55.07 (1972 Ed.). A default judgment entered on well-pleaded allegations in a complaint establishes defendant's liability. Where damages are unliquidated and uncertain, Rule 55(b), supra, requires plaintiff to prove the extent of the injuries established by the default. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971)." *Herrera v. Springer Corporation*, 85 N.M. 6, 18, 508 P.2d 1303 (Ct.App.1973) (Sutin, J., dissenting), rev'd, 85 N.M. 201, 510 P.2d 1072 (1973). This rule is uniform.

A conflict of authority exists as to whether the defendants are entitled to notice of a hearing to assess the amount of damages owed to plaintiff. Annot., Defaulting Defendant's Right to Notice and Hearing as to Determination of Amount of Damages, 15 A.L.R.3d 586 (1967). The rule is uniform though, that upon assessment of damages following entry of default, the defaulting defendant has the right to cross-examine plaintiff's witnesses and to introduce affirmative testimony on his own behalf in mitigation of damages. Id. 607.

We follow the view expressed in *Dungan v. Superior Court In & For County of*

*Pinal,* 20 Ariz.App. 289, 512 P.2d 52 (1973). The Court said:

> In a suit for personal injuries, a defaulting defendant, by failing to answer, admits responsibility for the alleged injury. *This admission, however, does not relieve a plaintiff from putting on proof as to the extent of his damages.* It is true that the language of Rule 55(b)(2) permits the court to conduct such hearings as it deems necessary and proper with respect to determination of the amount of damages. Since we are committed to an adversary system of justice, we do not construe this rule to mean that a "hearing" ipso facto means a one-sided presentation by the party seeking the default judgment. * * *
>
> The language of Rule 55(b) evinces an intention to place broad discretion in the hands of the court to "conduct such hearings" as would be in furtherance of "establishing the truth of the averments" contained in the complaint. We are of the opinion that in personal injury litigation, a court, in order to get assistance in evaluating a plaintiff's claim to judgment, should exercise its discretion in favor of allowing a defendant to cross-examine and even present counterproof. In determining the extent to which counsel for a defaulting party may participate, a court may well ask itself: Can counsel for the defaulting defendant make any material contribution in aiding the trier of fact in the search for truth? * * * [Emphasis added] [512 P.2d at 53].

Plaintiff claims this issue of damages was waived. The record shows that on December 12, 1974, at the close of the hearing on the motion to vacate the default judgment, the trial court said:

> THE COURT: * * * In reference to Dr. James E. Franklin, the Court is not going to set aside the Default Judgment. *The Court will, however, allow Dr. Franklin to ask the Court to reopen the matter for testimony as to the proof of damages and, at that time the Court will take testimony and then consider whether or not the damages should be changed. Unless he does that, and produces testimony, offers testimony, the Court will not even consider changing that.* In the meantime, the execution may continue.
>
> In the Gallegos case, the Court is not going to set aside the Default Judgment against Albuquerque General Hospital. * * *
>
> * * * * * *
>
> MR. RANSOM: * * * We have approached the subject casually about the time limitation for the trial on damages. It would be my impression that the law would provide, if this Court sets aside the Default Judgment, . . . on an amount of damages only, that the Court would retain jurisdiction beyond the thirty days of the original entry of Default Judgment to try those issues and I would like * * *
>
> THE COURT: I am not going to do that, *I have never said yet that I am setting aside the damages aspect* of this lawsuit, said that *I will give you an opportunity* to present evidence on the question of damages, *after you present the evidence* I will consider whether or not the liability, I am sorry, the damages should be set aside, and, something else substituted there, therefore, which could be zero, *if you are successful, but, I am not setting aside the damages as of this time.* [Emphasis added]

On December 18, 1974, Dr. Franklin filed a motion to set aside the default judgment limited to the question of compensatory and punitive damages. The certificate shows hand delivery to plaintiff's attorney on December 17, 1974. The motion stated:

> There does not exist reasonable time or opportunity for the Court to hear the above-stated issues prior to losing jurisdiction to the appellate process if the final judgment entered November 21 [sic], 1974, is not set aside in part.

Plaintiff asserts that " * * * there was a hearing on the issue of damages, and the trial court denied the defendants' motion. * * * Defendants failed to have a record made of that hearing."

Defendants assert that "At no time, including the fictitious hearing on damages alluded to by appellee * * * did the court admit into evidence or hear any evidence on the issue of unliquidated damages."

 We agree with defendants on the following grounds: (1) The trial court had authority only to enter the default judgment on the issue of liability. It had no authority to enter the default judgment on damages. That part of the default judgment on damages should have been set aside before evidence on damages could be heard. The failure to set the judgment aside on damages prejudiced the time of defendants' right of appeal on the default judgment. (2) The trial court's directions were erroneous. The defendants had no duty to reopen the matter or to produce testimony on the issue of damages. This burden was on the trial court and the plaintiff. (3) Plaintiff produced no evidence to support a default judgment of $300,000 for compensatory damages and $200,000 for punitive damages against each defendant. (4) The trial court's order of December 23, 1974, denied defendants' motion to set aside the default judgment on compensatory and punitive damages. This order was erroneous for failure to vacate the default judgment, take evidence on compensatory and punitive damages and allow the defendants to contest the amount.

D. *Punitive damages is not admitted by default.*

The trial court awarded extensive punitive damages against both defendants. The complaint did not claim punitive damages against the defendant hospital.

A punitive damage claim is not admitted by a default. 47 Am.Jur.2d Judgments § 1186; *Florida East Coast Railway Company v. McRoberts,* 111 Fla. 278, 149

So. 631, 94 A.L.R. 376 (1933). Neither is punitive damages provided for in Rule 55(b).

E. *Conclusion*

The default judgment is affirmed as to liability. This cause is reversed on the issue of damages and remanded to the trial court to hold a hearing in which evidence may be presented by the plaintiff as to damages to be awarded plaintiff, compensatory and punitive, with the right granted to defendants to contest this issue.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.