This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CONNIE J. VIGIL,**

Petitioner-Appellant,

v.                                                            **NO. 32,065**

**ACEQUIA DE LOS ESPINOSA,**
**LEROY ORTIZ, and RICHARD**
**MARTINEZ,**

Respondents-Appellees,

and

**RICHARD G. MARTINEZ and**
**INDIA MARTINEZ,**

Real Parties in Interest.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

New Mexico Firm, LLC
Nathaniel V. Thompkins
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     In this case, we consider the failure of the district court to grant Petitioner a default judgment after Respondents had defaulted for failure to answer or otherwise appear in the action, and Respondents failed to move to set aside the default. We reverse the order of the district court in failing to grant Petitioner a writ of mandamus as requested, and remand with instructions and to set an evidentiary hearing to determine whether to award Petitioner her costs and damages pursuant to NMSA 1978, § 44-2-12 (1884), whether to impose a statutory fine against Respondents pursuant to NMSA 1978, § 44-2-13 (1884), and whether Petitioner is entitled to any other relief.

**BACKGROUND**

{2}     Petitioner filed a verified petition for a writ of mandamus (Petition) in the district court alleging in material part: (1) that she is a member of the Acequia de los Espinosa (the Acequia); (2) that real parties in interest Richard G. Martinez and India Martinez refuse to keep their portion of the ditch or acequia in good repair, thereby negatively impacting her water rights; (3) that Lenny Ortiz, as President of the Acequia, and Richard Martinez, as Mayordomo (officers), failed and refused to comply with their duty under the By-Laws of the Acequia and applicable statutes to force the real parties in interest to maintain and keep their ditch free of trash and other

2

obstructions; (4) that Petitioner secured a judgment from the Española Magistrate Court (magistrate court) ordering the Acequia to "have full responsibility to maintain the ditch as necessary"; (5) that when real parties in interest failed to maintain their portion of the ditch, and the Acequia failed to require their compliance, the magistrate court issued an order at Petitioner's request for the Acequia to show cause why it was not complying with the judgment; (6) that upon appearing before the magistrate court, the Acequia, through officers, stated it would not enforce the By-Laws to require real parties in interest to comply; (7) that the magistrate judge thereupon stated there was nothing further that he could do; and (8) that this is a proper case for a writ of mandamus, and that Petitioner is entitled as a matter of right to a writ of mandamus.

{3}     Petitioner requested a writ of mandamus be issued to Respondents, the Acequia, and officers, to: (1) enforce the By-Laws of the Acequia to require the real parties in interest to clean up and keep clean their portion of the ditch; (2) comply with the magistrate court judgment; and (3) pay an award of damages and costs. In addition, Petitioner asked that a statutory fine, not exceeding $250 be assessed against each officer pursuant to Section 44-2-13 for failing to comply with their duties.

{4}     Each Respondent was served with a summons and a copy of the Petition, directing them to file an answer or motion within thirty days after service. The

summons further stated in all capital letters "IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE PLEADING A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT." On October 3, 2011, Petitioner filed a motion for entry of a default judgment alleging that Respondents were served on August 4, 2011, and had not yet appeared in the case or filed a response to the Petition. The clerk's certificate as to the state of the record was filed on October 31, 2011, verifying that Respondents were served on August 4, 2011, and that they had not answered or otherwise appeared.

**{5}** The district court thereupon filed its order granting a default judgment against Respondents. The district court also scheduled an evidentiary hearing to be held "to determine if fines are to be imposed pursuant to NMSA 1978, § 44-2-13 and Petitioner's proof of damages, costs, disbursements[,] and attorney fees[.]"

**{6}** Respondents filed no pleadings, but appeared at the hearing without an attorney. Despite reiterating that Respondents were properly served, that they filed no responsive pleadings, and that Petitioner was entitled to a default judgment "on the issuance of the [w]rit of [m]andamus," the district court nevertheless refused to issue the writ or grant any other relief. The basis for the district court's action was its finding, based on a presentation and arguments made by Respondents, that while they

4

had the authority to enforce rules to remove debris from lateral ditches as alleged in the Petition, that authority was permissive, not mandatory. Petitioner's motion to reconsider was denied without a hearing or response from Respondents, and Petitioner appeals. The case has been submitted on Petitioner's brief in chief because Respondents did not file an answer brief.

**DISCUSSION**

{7}     This case requires us to interpret and apply various Rules of Civil Procedure. As such, our review is de novo because the interpretation of a procedural rule is a question of law. *See State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("In determining the proper application of procedural rules, our review is de novo."); *H-B-S P'ship v. Aircoa Hospitality Servs., Inc.*, 2008-NMCA-013, ¶ 5, 143 N.M. 404, 176 P.3d 1136 (stating that because the interpretation of rules is a question of law, our review is de novo).

{8}     We begin with Rule 1-055(A) NMRA. This rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." This rule was complied with when the clerk filed its certificate as to the state of the record that

5

Respondents had been served with service of process, that more than thirty days had passed since service, and that Respondents had not answered or otherwise appeared.

{9}   Petitioner also separately moved the district court to enter its order granting a default judgment on grounds that Respondents had been served with service of process, that more than thirty days had passed since service, and that Respondents had not answered or otherwise appeared.  The district court then granted Petitioner's motion for a default judgment pursuant to Rule 1-055(B).  In pertinent part, this rule states that in all cases in which a party who is entitled to a judgment by default has applied for a default judgment, "[j]udgment by default may be entered." *Id.*  The consequence of the default judgment in favor of Petitioner and against Respondents for their failure to appear, answer, or otherwise plead is clear: "[O]nce default judgment has been entered, liability is not an issue, and the allegations of the complaint become findings of fact." *Passino v. Cascade Steel Fabricators*, *Inc.*, 1986-NMCA-078, ¶ 8, 105 N.M. 457, 734 P.2d 235 (citing *Gallegos v. Franklin*, 1976-NMCA-019, ¶ 36, 89 N.M. 118, 547 P.2d 1160 ("By virtue of the default, the defendants have admitted the allegations of the complaint. These averments are taken as true.")), *overruled on other grounds by Burge v. Mid-Continent Cas. Co.*, 1997-NMSC-009, ¶ 23, 123 N.M. 1, 933 P.2d 210.

{10}    Relief from the consequence of a default judgment lies under Rule 1-055(C): "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 1-060 NMRA." *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 23, 133 N.M. 329, 62 P.3d 1211 (stating that "good cause" is the standard for setting aside the entry of a default under Rule 1-055(C)). Respondents never applied to the district court for relief under Rule 1-055(C), they never made a showing of "good cause" to set aside their default, and the district court never set aside the default on the basis of "good cause" being shown by Respondents. This is fatal to Respondents as well as the district court's final order refusing to grant Petitioner a writ of mandamus or any other relief. "It is clear that a party in default for failure to plead or otherwise defend the action must apply to the court for relief under Rule [1-055(C)] before he can plead in the cause." *Rogers v. Lyle Adjustment Co.*, 1962-NMSC-089, ¶ 9, 70 N.M. 209, 372 P.2d 797.

{11}    Having failed to move to set aside their default in accordance with Rule 1-055(C), or to otherwise demonstrate "good cause" for having failed to answer or otherwise appear in the action, Respondents were deemed to have admitted all the allegations of the Petition. All that remained was for the district court to hold an evidentiary hearing to determine Petitioner's entitlement to costs, damages, and the

7

remaining relief she requested. *See Rogers*, 1962-NMSC-089, ¶¶ 6, 10 (stating that the district court properly proceeded to hear evidence of the plaintiff's damages after the defendant was in default, and the defendant filed a general denial but never applied for an enlargement of time within which to plead). Here, the district court properly set an evidentiary hearing on whether to impose a fine pursuant to Section 44-2-3, and Petitioner's proof of damages, costs, disbursements, and attorney fees.

{12}     However, when Respondents simply appeared at the hearing without asking for any relief, the district court in effect set aside the default on its own motion. We conclude this was error under the foregoing authorities and *Starnes v. Starnes*, 1963-NMSC-081, ¶¶ 2, 8, 72 N.M. 142, 381 P.2d 423 (stating that the district court acted beyond its jurisdiction in vacating a default judgment without complying with the predecessor to Rule 1-055(C)), *superseded by rule as stated in Labansky v. Labansky*, 1988-NMCA-045, ¶ 5, 107 N.M. 425, 759 P.2d 1007. The obligation of the district court under the circumstances was to grant Petitioner a writ of mandamus as requested, and after hearing Petitioner's evidence, determine what further relief, and the amount, if any, Petitioner was entitled to receive.

{13}     We reverse and remand with instructions to the district court to issue the writ requested by Petitioner and to set an evidentiary hearing to determine whether to

award Petitioner her costs and damages pursuant to Section 44-2-12, whether to impose a statutory fine against Respondents pursuant to Section 44-2-13, and whether Petitioner is entitled to any other relief.

**CONCLUSION**

{14}     The order of the district court is reversed, and the cause is remanded for further proceedings in accordance with this Opinion.

{15}     **IT IS SO ORDERED**.


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**



_____

**MICHAEL D. BUSTAMANTE, Judge**