This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A,**

Plaintiff-Appellee,

v.                                              NO. 34,244

**PATTY J. DIBBLE and**
**PHILLIP W. DIBBLE,**

Defendants-Appellants,

and

**THE STATE OF NEW MEXICO**
**DEPARTMENT OF TAXATION**
**AND REVENUE,**

Defendants.


**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Pedro G. Rael, District Judge**

Andrew Yarrington
Albuquerque, NM

for Appellee

Joshua R. Simms, P.C.
Joshua R. Simms

Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Homeowners Patty and Phillip Dibble appeal from the district court's order denying their motion to vacate for lack of standing. [RP 219] We issued a notice of proposed disposition proposing to affirm, and Homeowners have responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe that summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2}    In our notice, we proposed to hold that Wells Fargo Bank (the Bank) established its standing as a holder in due course of the note on the basis that it is the original lender and had possession of the original note at the time of the filing of the complaint. [RP 6-8] *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 21, 320 P.3d 1, (parenthetically noting that "[t]he payee is always a holder if the payee has possession" (internal quotation marks and citation omitted)). As an alternative basis, we further proposed to conclude that because the allegations in the complaint were deemed admitted by Homeowners when they failed to contest the foreclosure, *see*

*Passino v. Cascade Steel Fabricators, Inc.*, 1986-NMCA-078, ¶ 8, 105 N.M. 457, 734 P.2d 235, *overruled on other grounds by Burge v. Mid-Continent Cas. Co.*, 1997-NMSC-009, ¶¶ 23-24, 123 N.M. 1, 933 P.2d 210; *Gallegos v. Franklin*, 1976-NMCA-019, ¶ 36, 89 N.M. 118, 547 P.2d 1160, and those allegations established that the Bank was the holder of the note, the Bank had satisfied its burden under *Bank of New York v. Romero* and *Deutsche Bank Nat'l Trust Co. v. Beneficial New Mexico Inc.*, 2014-NMCA-090, 335 P.3d 217, *cert. granted* 2014-NMCERT-008 (No. 34,726, August 29, 2014).

**{3}** In response, Homeowners ask this Court to treat the issue of standing in this case in the same manner that our Supreme Court treated comparative negligence in *Burge*. [MIO 2-3] In that case, the Court held that "a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages" under New Mexico precedent. *Burge*, 1997-NMSC-009, ¶ 22. In other words, when a party defaults in a negligence case, the tortfeasor is still entitled to show the extent to which its damages should be reduced based on the other party's comparative fault. *See id.* ¶¶ 24-25. In essence, Homeowners ask this Court to set aside the general rule that "once default judgment has been entered, liability is not an issue, and the allegations of the complaint become

3

findings of fact[,]" *id.* ¶ 23 (internal quotation marks and citation omitted), in foreclosure cases where a defendant has defaulted and standing is at issue.

{4}     We decline to address Homeowners' argument with respect to *Burge*, because even if we adopted Homeowners' approach, Homeowners would not prevail in this appeal. As we noted above, there were two alternative bases for affirmance, and Homeowners' argument addresses only one of them. Homeowners have failed to address our proposed conclusion that the Bank established its standing as a holder in due course of the note on the basis that it is the original lender and had possession of the original note at the time of the filing of the complaint. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We continue to believe that, even setting aside the default, the Bank has established standing to enforce the note in this case.

{5}     Accordingly, based on the foregoing discussion and our notice of proposed disposition, we affirm the district court's decision in this case.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

4

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**