This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GATEWAY MORTGAGE GROUP LLC,**

     Plaintiff-Appellee,

v.                                                                              **NO. 34,249**

**MARCIA LISA BAGLEY, and**
**RICHARD PAUL BAGLEY,**

     Defendants-Appellants,

and

**SUNDANCE ESTATES COMMUNITY**
**ASSOCIATION, INC.,**

     Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ned Fuller, District Judge**

Little Bradley & Nesbit, PA
Rachel M. Chiado
Albuquerque, NM

for Appellee

Joshua R. Simms, PC
Joshua R. Simms
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Homeowners Marcia and Richard Bagley appeal from the district court's order denying their motion to set aside a default judgment and vacate sale. [RP 110] We issued a notice of proposed disposition proposing to affirm, and Homeowners have responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum; however, for the reasons stated in the notice of proposed disposition and below, we continue to believe that summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2}    In our notice, we proposed to hold that Gateway Mortgage Group, LLC (Plaintiff) established its standing as a holder in due course of the note on the basis that it is the original lender and had possession of the original note at the time of the filing of the complaint. [RP 6-9] As an alternative basis, we further proposed to conclude that because the allegations in the complaint were deemed admitted by Homeowners when they failed to contest the foreclosure, *see Passino v. Cascade Steel Fabricators, Inc.*, 1986-NMCA-078, ¶ 8, 105 N.M. 457, 734 P.2d 235, *overruled on other grounds by Burge v. Mid-Continent Cas. Co.*, 1997-NMSC-009, ¶¶ 23-24, 123

N.M. 1, 933 P.2d 210; *Gallegos v. Franklin*, 1976-NMCA-019, ¶ 36, 89 N.M. 118, 547 P.2d 1160, and those allegations established that Plaintiff was the holder of the note, Plaintiff had satisfied its burden under *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1 and *Deutsche Bank Nat'l Trust Co. v. Beneficial New Mexico Inc.*, 2014-NMCA-090, 335 P.3d 217, *cert. granted* 2014-NMCERT-008 (No. 34,726, Aug. 29, 2014). Further, we proposed to reject Homeowners' challenge to Plaintiff's standing based on the validity of a mortgage assignment by Mortgage Electronic Registration Systems, Inc. (MERS), because the right to enforce a mortgage can follow the right to enforce the note and MERS' role as nominee for a lender, including the lenders successor and assigns, has been recognized as an authorized role in the assignment of a mortgage. *Flagstar Bank, FSB v. Licha*, 2015-NMCA-___, ¶ 17, (No. 33,150 June 4, 2015) We do not reiterate our analysis here; instead, we focus on Homeowner's arguments in his memorandum in opposition.

{3}     In response to our notice, Homeowners ask this Court to treat the issue of standing in this case in the same manner that our Supreme Court treated comparative negligence in *Burge*. [MIO 2-3] In that case, the Court held that "a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages" under New Mexico precedent. *Burge*,

3

1997-NMSC-009, ¶ 22. In other words, when a party defaults in a negligence case, the tortfeasor is still entitled to show the extent to which its damages should be reduced based on the other party's comparative fault. *See id.* ¶¶ 24-25. In essence, Homeowners ask this Court to set aside the general rule that "once default judgment has been entered, liability is not an issue, and the allegations of the complaint become findings of fact[,]" *id.* ¶ 23 (internal quotation marks and citation omitted), in foreclosure cases where a defendant has defaulted and standing is at issue.

**{4}** We decline to address Homeowners' argument with respect to *Burge*, because even if we adopted Homeowners' approach, Homeowners would not prevail in this appeal. As we noted above, there were two alternative bases for affirmance, and Homeowners' argument addresses only one of them. Homeowners have failed to address our proposed conclusion that Plaintiff established its standing as a holder in due course of the note on the basis that it is the original lender and had possession of the original note at the time of the filing of the complaint. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We continue to believe that, even setting aside the default, Plaintiff has established standing to enforce the note in this case.

4

**{5}** Further, with respect to Homeowners' argument relative to the mortgage assignment, we are unpersuaded by Homeowners' memorandum in opposition and continue to believe that Homeowners' challenge to Plaintiff's standing based on the validity of a mortgage assignment by MERS is without merit. *See Simson v. Bilderbeck, Inc.*, 1966-NMSC-170, ¶¶ 13-14, 76 N.M. 667, 417 P.2d 803 (recognizing that "[i]t has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt" and concluding that the plaintiff, "[h]aving a right . . . to enforce the note, . . . could foreclose the mortgage" (internal quotation marks and citation omitted)); *Flagstar*, ___-NMCA-___, ¶ 17.

**{6}** Accordingly, based on the foregoing discussion and our notice of proposed disposition, we affirm the district court's decision in this case.

**{7}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**