686 P.2d 277

**Jack KUTZ, Plaintiff-Appellee,**

**v.**

**The INDEPENDENT PUBLISHING COMPANY INC., Mark D. Acuff and Mary Beth Acuff, Defendants-Appellants.**

**No. 7385.**

Court of Appeals of New Mexico.

July 26, 1984.

Ortega & Snead, P.A., Charles P. Reynolds, Albuquerque, for plaintiff-appellee.

Duran, Neundorf & Anderson, Ken Neundorf, Albuquerque, for defendants-appellants.

## OPINION

NEAL, Judge.

Plaintiff brought suit for libel against the defendants. A default judgment was entered, and then on motion of the defendants, the default was set aside. The court reinstated the default when defendants failed to comply with the terms of the order setting aside the default. Defendants appeal.

The case has an extensive procedural history. The complaint was filed June 2, 1980, and the defendants were served on June 3, 1980. The defendants filed a motion to dismiss for failure to state a claim which was granted. The plaintiffs appealed to this court which reversed the trial court and returned jurisdiction of the case to the trial court on January 20, 1982. *See Kutz v. Independent Publishing Co.,* 97 N.M. 243, 638 P.2d 1088 (Ct.App.1981).

On February 26, 1982, thirty-five days after the court of appeals mandate, plaintiff filed a motion for default judgment as defendants had not answered or filed a responsive pleading within the thirty-day limit of the New Mexico Rules of Civil Procedure. That motion was denied by an order dated May 17, 1982.

Plaintiff propounded requested admissions of fact to defendants on April 3, 1982. On August 16, 1982, the plaintiff moved for summary judgment based on NMSA 1978, Civ.P.Rule 36 (Repl.Pamp.1980) that all matters not objected to or denied within thirty days after service of the request are admitted unless denied, and therefore the admissions disposed of all issues of material fact. The defendants then filed answers or objections to the request on August 31, 1982.

By its order of September 13, 1982, the court denied the motion, stating that the response filed April 31 (but apparently meaning August 31) would not prejudice the plaintiff and would serve the presentation of the cause on the merits. In the same order the court granted the motion of defendants' counsel to withdraw, and directed the defendants to obtain new counsel by October 9, 1982. The court also ordered the defendants to pay $800.00 in attorney's fees to plaintiff "on or about November 9, 1982, under penalty of appropriate sanctions."

On November 16, 1982, after defendants failed to pay the attorney's fees, the plaintiff filed a motion for order to show cause why the defendants should not be held in contempt for failure to comply with the September 13 order. The defendants' response, filed the same date by the defendants, pro se, states that the defendants had never heard of the order or the requirement to pay the attorney's fees, despite the fact that the order had been approved as to form by their attorneys, and referred to plaintiff's attorney as an "alleged attorney." The court issued an order to show cause in which the court ordered the defendants to appear on December 6, to show cause why they should not be held in contempt. The record does not contain any information regarding the outcome of the hearing.

A pretrial conference was scheduled for April 4, 1983. The defendants failed to attend. They had also failed to obtain counsel, despite being informed orally by the court that the corporate defendant could not proceed without counsel. The court had ordered that they be represented by April 4, 1983. The plaintiff moved for a default judgment on that date. The court found "[t]hat the continuous failure of the Defendants to appear for scheduled hearings and their failure to comply with the directions of this Court justify the entry of a Default Judgment against them." The judgment was in the amount of $2,500.00.

The defendants then filed a motion to set aside the default judgment on April 25, 1983, having obtained counsel. The court issued an order setting aside default judgment on May 20, 1983. The order also contained the following specific conditions:

1. The court ordered that counsel for the defendants would not be allowed to withdraw under any circumstances;

2. that one of the defendants personally be present at all hearings or default would be entered;

3. that all discovery must be complied with or default would be entered; and,

4. that the defendants pay attorneys' fees to the plaintiff in the amount of $800.00 by June 16, 1983.

On June 21, 1983, the plaintiff filed a motion for default judgment based on the failure of the defendants to pay the attorney's fees awarded in the order of September 13, 1982 and required to be paid before June 16, 1983, by the May 20, 1983 order setting aside default judgment. The defendants paid the $800.00 on July 5, 1983, after notice of the plaintiff's motion. The motion was granted on July 29, 1983 and the default judgment in the amount of $2,500.00 was reinstated.

On appeal the defendants argue that the court had no power to enter a default judgment based on untimely compliance with an order of the court and that the court abused its discretion in doing so. We disagree.

■ NMSA 1978, Civ.P.R. 55(a) (Repl. Pamp.1980) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." (Emphasis added.) Subsection (b) provides that default judgment may be entered on three days written notice when the opposing party has appeared in the action. Whether a default judgment should be entered rests with the sound discretion of the trial court. *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (Ct.App.1976). While

default judgments are not favored by the law and cases should be decided on their merits whenever possible, *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973), the default judgment remedy protects a diligent party from continual delay and uncertainty as to his rights. *Gallegos*, 89 N.M. at 122, 547 P.2d 1160.

■ The trial court entered the initial default judgment for failure of defendants to attend the pretrial conference. At this point we need not consider the failure to pay attorney's fees. The failure to attend the pretrial conference and the failure to obtain counsel as ordered by the court were failures to "otherwise defend." *See* 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 55.02[3] (2d ed. 1983), and cases cited in footnote 12. The court had authority to enter default judgment on the basis of these failures.

■ Rule 55(c) provides that a default judgment may be set aside in accordance with Rule 60. Our concern here is not with the fact that the May 20, 1983 default judgment was set aside, but with the conditions imposed by the court for setting aside that judgment. Rule 60 allows the court to relieve a party from a final judgment for various reasons which the rule details, on " * * * such terms as are just." NMSA 1978, Civ.P.R. 60(b) (Repl.Pamp.1980). It has been held that the quoted language vests broad discretion in the trial court to impose conditions which must be met by the party seeking relief under the rule. *Qualls v. Qualls*, 589 S.W.2d 906 at 910 (Tenn.1979). Conditions may include the payment of costs and fees. *Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190 (E.D.Va.1963); *Hendricks v. Alcoa Steamship Co.*, 32 F.R.D. 169 (E.D.Pa. 1962). Such conditions have been unanimously held to be proper. Annot., 3 A.L.R. Fed. 956 (1970).

In *Chase v. Contractors' Equipment & Supply Co.*, 100 N.M. 39, 665 P.2d 301 (Ct.App.1983), we pointed out that the granting of relief from the entry of default involved equitable considerations and that

imposition of conditions in granting relief was proper. The granting of relief from a default judgment also involves equitable considerations, and the above-cited authorities show that conditions for granting relief from a default judgment are also proper. *Chase* quoted from 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2700 (1983). That section also applies to relief from default judgments, and we now quote it in full:

> Rule 60(b) expressly provides that relief from a default judgment may be granted "upon such terms as are just." The court's inherent power and use of discretion also enables it to set aside default entries on various conditions. The imposition of conditions as part of granting a Rule 55(c) motion can be used to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation. The most common type of prejudice is the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues. These burdens can be eased by requiring the defaulting party to provide a bond to secure costs, to pay court costs, or to cover the expenses of the appeal.
>
> Imaginative and flexible use of the power to impose conditions on the granting of relief under Rule 55(c) can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences. The use of conditions also permits the court to be responsive to the special problems raised by particular situations in order to avoid possible inequities. Terms and conditions can be used to facilitate discovery, compensate for obstructionist tactics, and protect the ability of the nondefaulting party to obtain an appropriate remedy. Of course, the imposition of conditions is subject to appellate review for arbitrariness or abuse, and when the conditions chosen are unusual, the trial court may be required to support them with findings indicating their appropriateness.

*Id.* at 537–540 (footnotes omitted).

■ The defendants consistently delayed and ignored deadlines imposed by the court and by the Rules of Civil Procedure, failing to act unless faced with coercive remedies. Plaintiff expended time and legal fees to compel defendants to proceed. Given the course of conduct by the defendants, we find no abuse of discretion in the conditions established by the court under which it set aside the default.

■ The defendants argue that the court abused its discretion by entering a default for what they characterize as a sanction for late payment of the attorney's fees. That characterization is not accurate. Rather, the court reinstated the default judgment which it had set aside when the defendants failed to comply with the conditions of the order setting aside the default. When the conditions were not met, the plaintiff moved for default judgment and the default was reinstated. As it was not an abuse of discretion to place conditions on the setting aside of the initial default, the reinstatement of the default for lack of timely compliance cannot logically be an abuse of discretion. While it is true that default judgments are not favored, the conduct of the defendants throughout the proceeding compelled the use of the court's most coercive remedy. Without the authority to reinstate a default judgment, the court's authority to impose conditions on the setting aside of a previous default judgment would become meaningless.

There is no doubt that the defendants were unresponsive to the court's orders and deadlines. They failed to answer or file a responsive pleading within the alloted time, and only answered after plaintiff moved for a default judgment. The defendants failed to respond to plaintiff's requested admissions of fact for approximately five months and only responded after plaintiff moved for summary judgment based on the failure to deny or object to the requested admissions. The defendants were ordered to obtain new counsel by

October 9, 1982, and to pay plaintiff's attorney's fees by November 9, 1982. When they did not pay by November 16, plaintiff moved for an order to show cause why the defendants should not be held in contempt for failure to comply with the court's order regarding obtaining counsel and paying attorney's fees; the defendant's response claimed no knowledge of the court's order to pay the fees despite the fact that the order was approved as to form by their attorney, and made sarcastic references to plaintiff's attorney. The defendants failed to attend a pretrial conference scheduled for April 4, 1983. They had not yet obtained counsel or paid the fees. The plaintiff again moved for a default judgment, which was granted April 13, 1983. Only then did the defendants obtain counsel. They moved to set aside the default. The court gave another deadline for payment of the same fees. When that deadline passed, the plaintiff again moved for a default judgment. Only then were the fees paid.

The court provided the defendants every opportunity to defend the action yet they continually delayed and ignored deadlines set by the rules and the court. Faced with similar conduct in *Gallegos*, this court stated: "To grant the defendants a reversal now means that we would give credence to essentially unresponsive parties, and consent that they may halt the adversary process and endlessly delay the rights of plaintiff. The philosophy of the law of civil procedure militates against this protracted wearisome conduct." 89 N.M. at 123, 547 P.2d 1160.

The trial court did not abuse its discretion in reinstating the default judgment; we affirm. Defendants shall bear the appellate costs.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.