772 P.2d 879

**Maria Rude MARINCHEK,**
**Plaintiff–Appellant,**

v.

**Gary PAIGE and North Valley, Ltd.,**
**Defendants–Appellees.**

No. 17615.

Supreme Court of New Mexico.

April 20, 1989.

Gallagher & Casados, P.C., Thomas L. Kalm, Nathan H. Mann, Albuquerque, for plaintiff-appellant.

Ray Twohig, Ray Twohig, P.C., Albuquerque, for defendants-appellees.

OPINION

RANSOM, Justice.

The trial court set aside a final judgment that had been entered against Gary Paige

twenty-one months prior to his motion to vacate the judgment. Maria Rude Marinchek appeals. We reverse.

On August 31, 1984, Marinchek filed a complaint seeking collection of a debt and damages for fraud. The defendants were Paige and a general partnership in which Paige was a partner. Counsel appeared on behalf of both defendants, contending that any money transferred by Marinchek to them was a gift. Discovery was conducted, various pleadings and motions were filed, and two trial dates were set but then vacated.

Subsequently, on May 10, 1985, Paige telephoned his counsel to tell him he was leaving Albuquerque immediately and having his phone disconnected. Paige left a message for his counsel to "stop everything on the case." Nevertheless, his counsel continued to defend against the complaint. Trial was set for October 18. During a September motions hearing, counsel alerted the trial court that he was encountering some difficulty communicating with his client; he then moved to withdraw because he had had no contact with Paige for five months and had been unable to locate him. Counsel informed the court that he had attempted to telephone his client and mailed notices of the trial setting to Paige's residence at 7402 Pecos Trail (notwithstanding a November 1984 deposition in which Paige identified 7337 Guadalupe Trail as his current address) and to the partnership address at 6920 Fourth Street, but received no response. (Paige has attested that the Fourth Street partnership address was an alternative for mail until after November 1985.) The trial court granted the motion to withdraw but required defense counsel to notify Paige by certified mail that he needed to appear through new counsel or pro se by November 22; otherwise, a judgment of default would be entered against him. Counsel sent notice by certified and regular mail to the Pecos Trail and Fourth Street addresses. The record indicates that both the certified and regular mailings sent to Pecos Trail as well as the certified letter sent to Fourth Street were returned unclaimed.

On November 25, Marinchek informed the court that neither Paige nor new counsel had made an entry of appearance and she submitted copies of letters to establish that Paige's former counsel had complied with the court's order regarding withdrawal. She then presented evidence and testimony to support her claim of debt and damages for fraud. The court entered judgment and awarded the prayed-for compensatory and punitive damages, $101,500 and $100,000, respectively.

In August 1987, Paige contacted his former counsel who informed him of the judgment entered November 25, 1985. Paige then retained the services of his present counsel, who moved to vacate the judgment. Following two hearings concerning Paige's absence from the state, confusion as to his last known addresses, his ignorance of the intervening proceedings, and his claim to a meritorious defense, the trial court ordered that the judgment be vacated and the case set for trial.

**■** *Exclusivity of Rule 60 to set aside judgment by default.* We initially address Paige's contention that the trial court had the authority under SCRA 1986, 1–055(C) (Rule 55) to set aside the judgment independently of SCRA 1986, 1–060 (Rule 60). Rule 55(C) provides that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 1–060." [1] Relying on the phrase "may likewise," Paige argues that a court has discretion to set aside a default judgment "for good cause shown" under Rule 55 and is not confined to application of Rule 60. Paige

---

1. The entry of default is distinct from entry of judgment by default. The entry of default is a formal matter which serves to invite the court's attention to a party's omission to plead or otherwise defend and to the fact that the case is ripe for entry of judgment by default. *Schmider v. Sapir*, 82 N.M. 355, 482 P.2d 58 (1971). Although the entry of default and default judgment may be simultaneous, and by a single instrument, *Rogers v. Lyle Adjustment Co.*, 70 N.M. 209, 212, 372 P.2d 797, 799 (1962), Rule 55 clearly envisions entry of default and judgment by default to be procedurally distinct. *Id.*

relies upon *Starnes v. Starnes,* 72 N.M. 142, 381 P.2d 423 (1963), as holding that compliance with the requirements of Rule 60 is optional in a petition to vacate a judgment.

The *Starnes* court, however, imprecisely spoke of "good cause shown" regarding substantial evidence to comply with Rules 55(C) or 60(B). The operative provision we consider under the next heading was not at issue in *Starnes* because there the excusable neglect provision of Rule 60(B)(1) was clearly applicable. We are satisfied that, regardless of whether the word "likewise" refers to "good cause shown," any showing of good cause to set aside a judgment by default must be "in accordance with Rule 1–060." *See Kutz v. Independent Publishing Co.,* 101 N.M. 587, 589, 686 P.2d 277, 279 (Ct.App.1984). We hold that, with the exception of judgments still under the court's control pursuant to NMSA 1978, Section 39–1–1, *see Nichols v. Nichols,* 98 N.M. 322, 648 P.2d 780 (1982), judgments by default must be set aside in accordance with Rule 60.

■ *Untimeliness of excusable neglect grounds under Rule 60(B)(1).* Rule 60(B) provides:

> On motion and upon terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> ...; or
>
> (6) any other reason justifying relief from the operation of the judgment. The

motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year [sic] after the judgment, order or proceeding was entered or taken.

Paige moved to vacate the judgment twenty-one months after it was entered. Consequently, Paige was foreclosed from proffering as a basis to reopen the judgment either reason (1), (2), or (3) under Rule 60(B). *See* 1–060(B)(6).

*Inapplicability of Rule 60(B)(6).* Furthermore, Paige cannot take evidence of a communication breakdown between his counsel and himself offered to demonstrate excusable neglect, and now refashion it into grounds under Rule 60(B)(6), which allows the trial court to consider exceptional circumstances other than reasons under Subsections (B)(1) to (B)(5) to justify relief from the operation of the judgment. *See Thompson v. Thompson,* 99 N.M. 473, 660 P.2d 115 (1983). A party seeking to set aside a judgment cannot rely upon Rule 60(B)(6) to circumvent the one year limit in which to advance reasons enumerated in (B)(1), (2), or (3). *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978); *see also Solaroll Shade and Shutter Corp. v. Bio–Energy Sys.,* 803 F.2d 1130, 1133 (11th Cir.1986). *Cf. Rodriguez v. Conant,* 105 N.M. 746, 750, 737 P.2d 527, 531 (1987) (failure to give notice to defendant who neglected to appear was conduct on the part of the *plaintiff* that could be found to constitute exceptional circumstances under Rule 60(B)(6)—when the plaintiff was in contact with and knew the whereabouts of the non-appearing defendant against whom plaintiff sought a relatively large judgment by default).

*Judgment not void under Rule 60(B)(4) for lack of Paige's actual notice.* If Rule 60 has been satisfied here, the applicable ground would be Rule 60(B)(4), void judgment, under which the failure to move to vacate within one year after the entry of judgment would not be controlling. *See Eaton v. Cooke,* 74 N.M. 301, 393 P.2d 329 (1964) (when judgment void, no limitation of time within which a motion for relief from judgment must be filed). Although

Paige couched his argument in terms of excusable neglect, he premised his motion on grounds of a due process violation. Moreover, it appears that the trial court's decision to vacate the judgment was animated by its perception that Paige did not receive due process.

■ In reviewing the circumstances of this case, we conclude that there was no violation of due process. The state violates due process when it effects a deprivation of property without notice and an opportunity to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 377–78, 91 S.Ct. 780, 785–86, 28 L.Ed.2d 113 (1971). Due process requires only that notice be reasonably calculated, under all the circumstances, to inform parties of the pendency of the action and afford them the opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *see Wells Fargo Bank v. Dax*, 93 N.M. 737, 741, 605 P.2d 245, 249 (Ct.App.1979) ("Due process requires a reasonable notice of the trial setting so that the person bound by the results of the trial would have the opportunity to have his day in court.").

■ We recognize that the trial court expressed concern that (1) notice sent by his counsel to Paige's former residential address was misdirected through no fault of Paige and (2), because Paige's place of business had co-occupants, mail sent to Paige may have been discarded before it was retrieved by his friend as arranged by Paige. While the court's concern may have been legitimate relative to excusable neglect, had that issue been raised timely, it is not relevant for purposes of due process considerations. Due to the inability of counsel to contact his client and the client's failure to contact either his counsel or the court, it was ordered that counsel be allowed to withdraw, and that Paige or new counsel either make an appearance within thirty days or the court would enter judgment against him by default. The actual notice to Paige's counsel that Paige risked default judgment if Paige did not comply with the court's order was chargeable to Paige. *See Brown v. McCormick*, 608 F.2d 410 (10th Circuit 1979) (when evidence demonstrated defendants' attorney had notice of hearing on motion for default judgment, entry of judgment did not deprive defendants of due process). *Cf. Aberson v. Glassman*, 70 F.R.D. 683 (S.D.N.Y.1976) (when defendant's attorney had due notice that his client's appearance was required for a scheduled deposition and that failure to appear would result in a default entered against him, defendant's claim that attorney did not inform him of scheduled deposition not sufficient to set aside default; notice to an attorney regarding a legal proceeding is generally imputed to client).

In addition to actual notice given counsel, the court specifically instructed counsel to mail notices to his client by certified mail to Pecos Trail and to Fourth Street. We assume, but do not decide, that notice reasonably calculated to reach a party may be ordered by the court to include more than notice to counsel, and that failure to comply with such an order could be a deprivation of due process. In any event, counsel here complied with the court's instruction concerning the mailing of notice.

Any failure of Paige to receive actual notice of his counsel's withdrawal and his need to make an appearance or risk judgment by default was not a failure of the state to provide Paige due process; it was a problem between Paige and his counsel. The trial court was well within its discretion to find Paige in default and order judgment for Marinchek on November 25, 1985. *Cf. Thornfield v. First State Bank of Rio Rancho*, 103 N.M. 229, 704 P.2d 1105 (Ct.App.1983) (trial court within discretion to impose sanction of default when plaintiff failed to obey court order), *cert. quashed*, 103 N.M. 177, 704 P.2d 431 (1985); *Kutz*, 101 N.M. at 589, 686 P.2d at 279 (trial court had authority to enter default judgment when defendants failed to attend pretrial conference and failed to obtain counsel as ordered by the court).

*Conclusion.* Because there was no violation of due process, the November 25 judgment was not void. After the lapse of one year, Paige failed to satisfy the only grounds available to him to reopen a final judgment under Rule 60(B). The trial court had no discretion to set aside the judgment. The order to set aside the judgment is reversed and the judgment of November 25, 1985, is to be reinstated.

IT IS SO ORDERED.

SCARBOROUGH and BACA, JJ., concur.