**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BANK OF NEW YORK, AS TRUSTEE FOR**
**THE HOLDERS OF THE EQCC ASSET**
**BACKED CERTIFICATES, SERIES 2001-2,**

Plaintiff-Appellee,

v.                                                                        **NO. 29,095**

**SANDRA LEE DODSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Karen Howden Weaver
Albuquerque, NM

for Appellee

Sandra L. Dodson
Farmington, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant Sandra Lee Dodson (Defendant) appeals from the order denying her motion to vacate void judgment and set aside sale. [RP 182] Defendant raises several issues on appeal, regarding the merits of a default judgment of foreclosure, entered on December 29, 2005 (Issues 1-4), and the merits of the order denying Defendant's

objection to sale entered on August 7, 2008 and August 13, 2008 (Issues 5-6). [RP 162, 164] As fully discussed in the calendar notice, our case law provides that the judgment of foreclosure issued in 2005 was a final appealable order and the orders confirming the sale filed on August 7 and August 13, 2008, were final appealable orders. Defendant did not file a timely notice of appeal from any of these orders, and this Court does not have jurisdiction to review them on the merits. Defendant did file a timely notice of appeal from the district court's October 3, 2008 order denying her motion to vacate the void judgment and set aside the sale. The calendar notice proposed to affirm the October 3, 2008 order. Defendant has filed a memorandum in opposition. Unpersuaded, we affirm.

**DISCUSSION**

We construe Defendant's motion to vacate void judgment as a Rule 1-060(B)(4) NMRA motion. Rule 1-060(B)(4) provides that "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (4) the judgment is void; . . ." A trial court has discretion to determine whether a judgment should be set aside under Rule 1-060(B), and we will only interfere if an abuse of discretion is shown. *Sun Country Sav. Bank v. McDowell*, 108 N.M. 528, 532, 775 P.2d 730, 734 (1989). To vacate a judgment under Rule 1-060(B), the movant must allege proper material

2

grounds for reopening the judgment. *Sun Country Sav. Bank*, 108 N.M. at 532, 775 P.2d at 734.

In the memorandum, Defendant argues that it would be in the public's best interest to set aside the judgment of foreclosure so that "void judgments will not become the norm." [MIO 1] Defendant also continues to argue that this Court must review the merits of the 2005 judgment of foreclosure and the August 2008 orders confirming the sale, because when a judgment is void there is no limitation of time within which a motion for relief must be filed. [MIO 2] Defendant further continues to argue the merits of the 2005 foreclosure judgment. [MIO 5] Defendant points out that she is not seeking to reopen the void judgment but to quash it. [MIO 6] Defendant urges this Court to set aside the void judgment that was entered in violation of her due process rights. [MIO 6-7] She further argues that full briefing will assist in resolving the issues on appeal, and contends that this Court has the power or authority to decide the particular matters presented in "excess of jurisdiction doctrines." [MIO 7] We are not persuaded.

All of Defendant's arguments rest on the assumption that the 2005 foreclosure judgment is void. Our review of the circumstances of this case, however, has led us to conclude that the district court correctly denied Defendant's motion to vacate void judgment because the foreclosure judgment and the confirmation of sale orders are not

void. The 2005 foreclosure judgment determined the validity of the loan documents, Defendant's promise to pay in consideration for the loan, and the validity of the mortgage on Defendant's residence that Defendant executed to secure her promise to pay the loan. Defendant did not contest that she owes the money and default on repaying it as evidenced by several documents in the record proper and by her participation in the forbearance agreements discussed below.

Moreover, we hold that there was no violation of Defendant's due process rights. Due process requires that notice be reasonably calculated, under all the circumstances, to inform parties of the pendency of the action and afford them the opportunity to present their objections. *See Marinchek v. Paige*, 108 N.M. 349, 351-52, 772 P.2d 879, 881-82 (1989). The record proper establishes that Defendant was notified of the foreclosure proceedings and given full opportunity to defend against them.

Defendant received notice of the foreclosure complaint and she failed to appear to defend against it. [RP 31, 35, 37] After judgment was filed and certified as sent to Defendant in January 2006 [RP 43], Defendant did not move to set aside the default judgment; instead, she entered into the forbearance agreements with the Bank. [*See, e.g.*, RP 113, 296] Moreover, after the foreclosure judgment was filed in December 2005, the record proper indicates that Defendant was sent notice that the sale was

4

postponed from February 2006 to March 2006. [RP 47, 49] The next document in the record proper is a notice of sale filed on January 29, 2008. [RP 52] Between January 2006 and January 2008, the parties entered into forbearance agreements, which specifically recite the fact of Defendant's default under the loan and the existence of the foreclosure proceedings on the mortgage. [*See, e.g.*, RP 113, 296] In a "relief and good cause" pleading filed in July 2008, Defendant admits that she knew she was three months behind in her mortgage loan payments "when the foreclosure started." [RP 154] In that pleading, Defendant further acknowledges that she knew that the initial sale date was postponed from February 2006 to March 2006. [RP 155]

The record proper indicates that the Bank spent almost three years after the foreclosure judgment was entered in December 2005, attempting to work out payment arrangements with Defendant and forestalling the sale of the real property. The Bank entered into two forbearance agreements with Defendant, both of which she breached, and postponed the date of sale numerous times in order to check and recheck their records against Defendant's allegations and assurances of payments made or to be made. [RP 49, 113, 138, 154, 268, 291, 302-19] After the sale did finally occur in May 2008, Defendant's objections to the sale were heard. [RP 162, 352] To the extent Defendant continues to argue that the Bank essentially misled her into not appearing in the initial foreclosure proceedings, we are mindful that the trier of fact

is in the best position to evaluate the credibility of witnesses, and, on appeal, we do not reweigh evidence or draw our own conclusions about the credibility of witnesses. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (stating that the trial court is in the best position to evaluate the credibility of witnesses). After hearing Defendant's objections to the sale, the district court entered the August 2008 orders, denying Defendant's objections and confirming the sale. [RP 162, 164]

**CONCLUSION**

Under the circumstances, we cannot say that the district court abused its discretion in refusing to void the 2005 judgment of foreclosure or the August 2008 orders denying her objections and confirming the sale of the real property. Accordingly, we affirm the October 3, 2008 order.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

6

_____

**JAMES J. WECHSLER, Judge**


_____

**CELIA FOY CASTILLO, Judge**