This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ONEWEST BANK, FSB,**

    Plaintiff-Appellee,

v.                       **No. 33,021**

**ENRIQUE ROMERO and ROSALIE ROMERO,**

    Defendants-Appellants,

and

**TAXATION & REVENUE DEPARTMENT of the STATE OF NEW MEXICO,**

    Defendant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

Johnson Law Firm, L.C.
Thomas L. Johnson
Andrew L. Johnson
Albuquerque, NM

for Appellee

New Mexico Legal Center, P.C.
Lee Boothby
Taos, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Having granted One Wests's motion for rehearing in this case, we withdraw the opinion filed March 29, 2016, and substitute the following in its place. We granted One West's motion for rehearing to clarify that (1) the district court never ruled on whether or not the Romero's Rule 1-060(B) NMRA motion was timely, (2) the district court never ruled on whether or not the default judgment was void, and (3) a motion pursuant to Rule 1-060(B)(4) has no time limitations.

**{2}** Appellants Enrique and Rosalie Romero (the Romeros) appeal from the district court's order denying their motion to set aside a foreclosure judgment in favor of OneWest Bank, FSB (OneWest). We hold that the district court misconstrued and misapplied Rule 1-060(B). Rule 1-060(B) does not require that all parties seeking relief from a final judgment demonstrate excusable neglect. A demonstration of excusable neglect is only required where the movant under Rule 1-060(B) expressly relies on excusable neglect as the grounds for the motion. Here, the district court abused its discretion by denying the Romeros' motion to set aside the default judgment based on the Romeros' failure to show excusable neglect and by failing to

address the grounds asserted by the Romeros as the basis for setting aside the judgment. We reverse and remand for further proceedings.

**BACKGROUND**

{3}     On November 12, 1999, Enrique Romero signed a promissory note with Quest Mortgage Corporation (Quest), and a mortgage contract with Quest as security for the loan. According to OneWest, the Romero mortgage was assigned to IndyMac, Inc. (IndyMac) the same day. On June 25, 2004, Mr. Romero conveyed the property to himself and his wife, Rosalie Romero. According to the Romeros, they started getting behind on their mortgage in late 2007 when Mrs. Romero was being treated for cancer and the couple's medical expenses increased dramatically. By August 2012 the Romeros were behind three mortgage payments.

{4}     The Romeros contacted IndyMac and advised that they were having trouble catching up on the missed payments. IndyMac agreed to a forbearance plan that allowed the Romeros to pay a reduced payment for August, September, and October 2008. The forbearance plan was dated August 25, 2008, however, the first scheduled payment under the plan was due August 22, 2008. The Romeros signed the agreement and sent it back to IndyMac on September 16, 2008, and paid the first forbearance payment in September instead of August. The Romeros made forbearance payments in September, October, November, December 2008, and January 2009. In February

3

2009, the Romeros called IndyMac to find out how much their next payment would be and was told to pay the normal mortgage payment amount; that no additional extensions would be granted. The Romeros made payments in March and April 2009. In April 2009, IndyMac began returning the Romeros' payments.

{5} According to OneWest, IndyMac was closed on July 11, 2008, and the Federal Department Insurance Corporation (FDIC) was appointed as IndyMac's receiver. On March 19, 2009, the FDIC transferred IndyMac's assets to IndyMac Mortgage Services, a division of OneWest (IndyMac Mortgage Services). On June 18, 2009, OneWest filed a complaint for foreclosure against the Romeros. According to the Romeros, they were working with IndyMac Mortgage Services on a loan modification and upon being served with the foreclosure complaint, hired Dunn Russell & Associates, Inc. (Dunn Russell), who assured the Romeros that it would handle the loan modification and foreclosure complaint on their behalf. The Romeros paid Dunn Russell $3,000, who failed to file an answer to the foreclosure complaint on behalf of the Romeros.

{6} On September 8, 2009, OneWest moved for a default judgment. The district court entered a default judgment in favor of OneWest on September 9, 2009. The Romeros later claimed they did not receive notice of the default judgment. The foreclosure sale was scheduled for October 21, 2009.

{7} The Romeros received a letter from IndyMac Mortgage Services in September 2009 that informed them that they may qualify for a modification trial period plan. In October 2009, the Romeros signed a loan modification trial period agreement with IndyMac Mortgage Services and made payments pursuant to that plan. In January 2010, the Romeros received a letter from Dunn Russell indicating that Dunn Russell was working to establish a permanent loan modification agreement for them. In March 2010, OneWest sent a letter to the Romeros indicating that they would receive a response to their loan modification request. In April 2010, the Romeros learned that Dunn Russell failed and filed bankruptcy.

{8} In June 2010, the Romeros received a letter advising them that their mortgage payment would be increased and that the next payment at the new amount would be due in July 2010. The Romeros understood this letter to say that they had been granted a permanent loan modification and would not be losing their home to foreclosure.

{9} The Romeros made payments that were accepted by IndyMac Mortgage Services in June, July, August, and September 2010. In October 2010, the Romeros received a letter advising them that they did not qualify for a permanent loan modification based on their income. According to the Romeros, they believed that IndyMac Mortgage Services had based their loan modification eligibility on an

incorrect income amount and attempted to contact IndyMac Mortgage Services several times, to no avail.

{10}     On December 23, 2010, OneWest filed a partial satisfaction of judgment and proceeded with the foreclosure sale. The foreclosure sale was held on January 19, 2011, and the district court entered an order approving the foreclosure sale on February 18, 2011. The Romeros obtained counsel who filed a motion to set aside the default judgment on April 26, 2011, challenging OneWest's standing to bring the foreclosure action against the Romeros. After a hearing on the Romeros' motion, the district court denied the motion, finding that the Romeros had "failed to show excusable neglect that would relieve them of the effect of the default order, and therefore, the [c]ourt need not address the issue of meritorious defenses." This appeal followed.

**DISCUSSION**

{11}     On appeal, the Romeros argue that: (1) OneWest lacked standing to enforce the Romero note and to foreclose the Romero mortgage; (2) OneWest's lack of standing deprived the district court of subject matter jurisdiction, rendering the foreclosure judgment void; and (3) the district court erred in denying the motion to set aside the foreclosure judgment based on a failure to demonstrate excusable neglect. Because the district court abused its discretion on relying on the absence of excusable neglect in

6

denying the Romeros' motion to set aside the default judgment, we remand on that basis and we do not reach the Romeros' remaining issues.

**Standard of Review**

{12}     "A grant or denial of a motion to set aside a default judgment rests within the sound discretion of the district court." *Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 11, 287 P.3d 333. "However, because default judgments are generally disfavored, any doubts about whether relief should be granted are resolved in favor of the defaulting defendant and, in the absence of a showing of prejudice to the plaintiff, causes should be tried upon the merits." *Gandara v. Gandara*, 2003-NMCA-036, ¶ 9, 133 N.M. 329, 62 P.3d 1211 (alteration, internal quotation marks, and citation omitted). We review a district court's grant or denial of a motion to set aside a default judgment for an abuse of discretion. *See Charter Bank*, 2012-NMCA-078, ¶ 11. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. "That generally we apply an abuse of discretion standard of review in Rule 1-060(B) . . . determinations does not mean that every determination under that rule requires us to apply the abuse of discretion standard in a particular way or that we must blindly adhere to the discretion aspect of the standard." *State ex rel. Human Servs. Dep't v. Rawls*, 2012-NMCA-052, ¶ 14, 279

7

P.3d 766. This Court will turn to de novo review when "an issue requires us to determine whether the district court misapprehended the applicable law." *Id.* ¶ 8.

**The Romeros' Motion to Set Aside the Default Judgment**

{13} Approximately nineteen months after the judgment was entered, the Romeros moved to set aside the foreclosure default judgment pursuant to Rule 1-060(B)(4) and an amended motion to dismiss pursuant to Rule 1-060(B)(4) and (6) in February 2013. The Romeros argued OneWest was not the real party in interest and lacked the standing to bring the foreclosure action, and as a result, the default judgment against them was void.

{14} One West asserts that the Romeros' motion was untimely. *See* Rule 1-060(B)(6) (requiring that a motion under the rule be made within a "a reasonable time" or under certain provisions of the rule, "not more than one . . . year after the judgment, order, or proceeding was entered or taken"). We have long recognized that a Rule 1-060(B)(4) motion to set aside a void judgment can be filed at anytime. *See Marinchek v. Paige*, 1989-NMSC-019, ¶ 10, 108 N.M. 349, 772 P.2d 879 (stating that "when [a] judgment [is] void, no limitation of time within which a motion for relief from judgment must be filed"); *State v. Romero*, 1966-NMSC-126, ¶ 25, 76 N.M. 449, 415 P.2d 837 (same); *Eaton v. Cooke*, 1964-NMSC-137, ¶ 7, 74 N.M. 301, 393 P.2d 329 (same). However, the district court's order denying the Romeros' motion did not

8

make a determination one way or another on the timeliness of the motion. Consequently, we cannot consider the issue. *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 38, 120 N.M. 463, 902 P.2d 1066 (declining to consider an issue that the district court had not considered in reaching its decision); *see also Risk Mgmt. Div., Gen. Servs. Dep't of State ex rel. Apodaca v. Farmers Ins. Co. of Ariz.*, 2003-NMCA-095, ¶ 5, 134 N.M. 188, 75 P.3d 404 (same).

{15}     Rule 1-060(B) provides several grounds upon which a party may be entitled to relief from a final judgment. As pertinent here, Rule 1-060(B) reads:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise[,] or excusable neglect;
>
> (2)     newly discovered evidence[,] which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA;
>
> (3)     fraud (whether heretofore denominated intrinsic or extrinsic), [m]isrepresentation, or other misconduct of an adverse party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6)     any other reason justifying relief from the operation of the judgment.

**{16}** In order to be entitled to relief under Rule 1-060(B), "the party seeking to set aside a default judgment must demonstrate applicable grounds for vacating the judgment under the rule as well as a meritorious cause of action or defense." *Resolution Trust Corp. v. Ferri*, 1995-NMSC-055, ¶ 5, 120 N.M. 320, 901 P.2d 738. Generally, where "the movant makes such a showing, the district court has the discretion to set aside the default [judgment]." *Id.* However, "[w]hen the grant or denial of a motion turns on the validity of the judgment, as in a [Rule] 1-060(B)(4) motion, discretion has no place." *Classen v. Classen*, 1995-NMCA-022, ¶ 10, 119 N.M. 582, 893 P.2d 478. "If the underlying judgment is void, it must be set aside." *Id.*; *see Nesbit v. City of Albuquerque*, 1977-NMSC-107, ¶ 12, 91 N.M. 455, 575 P.2d 1340 ("There is no discretion on the part of a district court to set aside a void judgment."); *Chavez v. Cty. of Valencia*, 1974-NMSC-035, ¶ 16, 86 N.M. 205, 521 P.2d 1154 (same).

**{17}** Here, the Romeros' motion to set aside the default judgment was based on the theory that the underlying default judgment was void for lack of standing. Therefore, under the grounds asserted, the Romeros had to show that OneWest lacked standing to bring the foreclosure action and that the lack of standing rendered the default judgment void. In the district court's order denying the Romeros' motion to set aside

the judgment, the court found the following concerning the Romeros' burden as the defaulting party.

> [T]o prevail on [a motion to set aside a default judgment,] the movant must show excusable neglect, first and foremost. Then, and only then, must the movant establish that he/she has a meritorious defense.
>
> . . . .
>
> The [Romeros] may attack the validity of the default judgment only upon their proof that good faith excusable neglect exists on their part to explain the failure to answer.

Ultimately the district court denied the Romeros' motion, concluding that "the Romeros have failed to show excusable neglect that would relieve them of the effect of the default order, and therefore, the [c]ourt need not address the issue of meritorious defenses."

{18} With regard to OneWest's standing, the court stated:

> [T]he [c]ourt believes that even if it set aside the default [judgment] and allowed the Romero[s] to challenge the [validity of the documents provided with the complaint], it would not explain or justify their non-activity in this case. And since *it appears* that [OneWest] is now in the possession of the proper original paperwork concerning the loan, a claim challenging [the validity of the documents provided with the complaint] would be futile[.]

(Emphasis added.) The district court was operating under the misperception that proof of excusable neglect is required in order to prevail on any Rule 1-060(B) motion, when in fact, such

11

proof is only required where excusable neglect raised under Rule 1-060(B)(1) as the sole grounds for the motion. *See Rodriguez v. Conant*, 1987-NMSC-040, ¶ 21, 105 N.M. 746, 737 P.2d 527 (declining to address the issue of excusable neglect where neither the motion to set aside the default judgment nor the district court's decision expressly relied on excusable neglect under Rule 1-060(B)(1), and where the district court's decision to set aside the judgment was supported under Rule 1-060(B)(6)). The district court's position was not supported by law, and because the district court found the absence of excusable neglect to be dispositive, it failed to address the questions of standing and the validity of the judgment raised by the Romeros' motion.

{19}    To the extent that the district court's finding that OneWest appeared to be in possession of "the proper original paperwork" at the time of the hearing on the Rule 1-060(B) motion, can be construed as a finding or conclusion that OneWest had standing to bring the foreclosure action concerning the loan, the finding or conclusion is not supported by the record. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 20__-NMSC-____, ¶ 27, ___P.3d___ (No. 34,726, Mar. 3, 2016) (reaffirming that when a defendant "raises the defense that the plaintiff lacks standing to foreclose, the plaintiff must then prove that it held the note *at the time of filing*" and that standing to foreclose can be proven by "[a]ttaching the [indorsed] note to the complaint" or "through a dated indorsement establishing when the note was indorsed to the

plaintiff"). The district court's order does not expressly mention standing or address possession of the promissory note at the time the foreclosure complaint was filed in June 2009.[1] Moreover, the district court did not make any findings or conclusions indicating, and it is not clear from our review of the record, what "original paperwork" OneWest possessed at the time of the Rule 1-060(B) hearing that would have established its standing to foreclose. We cannot nor should we decide that *Deutsche Bank National Trust Co. v. Johnston* automatically applied, absent the requisite determination from the lower court. *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 38 (declining to consider an issue that the district court had not considered in reaching its decision); *see also Risk Mgmt. Div., Gen. Servs. Dep't of State ex rel. Apodaca*, 2003-NMCA-095, ¶ 5 (same).

{20}     Accordingly, we conclude that the district court abused its discretion in denying the Romeros' motion to set aside the default judgment based on the Romeros' failure to demonstrate excusable neglect. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 ("[W]e may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of

---

[1]Our Supreme Court has advised the district court that when a foreclosure plaintiff is seeking a default judgement, the district court "should raise the standing issue *sua sponte* and carefully scrutinize the plaintiff's standing to safeguard the integrity of New Mexico's property system and protect subsequent bona fide purchasers." *Deutsche Bank Nat'l Trust Co.*, 20__-NMSC-____, ¶ 27 n.4.

the law." (alteration, internal quotation marks, and citation omitted)); *Rawls*, 2012-NMCA-052, ¶ 14 ("This Court has held that we will determine that a district court has abused its discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." (internal quotation marks and citation omitted)); *State v. Elinski*, 1997-NMCA-117, ¶ 8, 124 N.M. 261, 948 P.2d 1209 (holding that a district court abused its discretion when it exercised its discretion based on a "misapprehension of the law"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**CONCLUSION**

{21}    For the foregoing reasons, we reverse the district court's decision and order denying the Romeros' motion to set aside the default judgment and remand for further proceedings.

{22}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**